08-0841-ag
ABC, Inc., et al. v. Federal Communications Commission

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of August, two thousand twelve.

**PRESENT:** RICHARD C. WESLEY,
DEBRA A. LIVINGSTON,
  Circuit Judges,
JANE A. RESTANI,[*]
  Judge.

_____

ABC, INC., KTRK TELEVISION, INC., WLS TELEVISION, INC., CITADEL COMMUNICATIONS, LLC, WKRN, G.P., YOUNG BROADCASTING OF GREEN BAY, INC., WKOW TELEVISION, INC., WSIL-TV, INC., ABC TELEVISION AFFILIATES ASSOCIATION, CEDAR RAPIDS TELEVISION COMPANY, CENTEX TELEVISION LIMITED PARTNERSHIP, CHANNEL 12 OF BEAUMONT INCORPORATED, DUHAMEL BROADCASTING ENTERPRISES, GRAY TELEVISION LICENSE, INCORPORATED, KATC COMMUNICATIONS, INCORPORATED, KATV LLC, KDNL LICENSEE LLC, KETV HEARST-ARGYLE TELEVISION INCORPORATED, KLTV/KTRE LICENSE SUBSIDIARY LLC, KSTP-TV LLC, KSWO TELEVISION COMPANY INCORPORATED, KTBS INCORPORATED, KTUL LLC, KVUE TELEVISION INCORPORATED, MCGRAW-HILL BROADCASTING COMPANY INCORPORATED, MEDIA GENERAL COMMUNICATIONS HOLDINGS LLC, MISSION BROADCASTING INCORPORATED, MISSISSIPPI BROADCASTING PARTNERS, NEW YORK TIMES MANAGEMENT SERVICES, NEXSTAR BROADCASTING INCORPORATED, NPG OF TEXAS, L.P., OHIO/OKLAHOMA HEARST-ARGYLE TELEVISION INC., PIEDMONT TELEVISION OF HUNTSVILLE LICENSE LLC, PIEDMONT TELEVISION OF SPRINGFIELD LICENSE LLC, POLLACK/BELZ COMMUNICATION COMPANY, INC., POST-NEWSWEEK STATIONS SAN ANTONIO INC., SCRIPPS HOWARD BROADCASTING CO., SOUTHERN BROADCASTING INC., TENNESSEE BROADCASTING PARTNERS, TRIBUNE TELEVISION NEW

_____

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

ORLEANS INC., WAPT HEARST-ARGYLE TELEVISION INC., WDIO-TV LLC, WEAR LICENSEE LLC, WFAA-TV INC., WISN HEARST-ARGYLE TELEVISION INC.,

Petitioners,

v.

Nos. 08-0841-ag (L), 08-1424-ag (CON), 08-1781-ag (CON), 08-1966-ag (CON)

FEDERAL COMMUNICATIONS COMMISSION, UNITED STATES OF AMERICA,

Respondents,

FOX TELEVISION STATIONS, INC., NBC UNIVERSAL, INC., NBC TELEMUNDO LICENSE CO., CBS BROADCASTING INC.,

Intervenors.

_____

FOR PETITIONERS:     SETH P. WAXMAN (Paul R.Q. Wolfson, Jack N. Goodman, Daniel S. Volchok, and Micah S. Myers, on the brief), Wilmer Cutler Pickering Hale and Dorr, LLP, Washington, DC; John W. Zucker, Alan N. Braverman, and Susan L. Fox, ABC, Inc., New York, NY, for Petitioners ABC, Inc., KTRK Television, Inc., and WLS Television, Inc.

Wade H. Hargrove, Mark J. Prak, and David Kushner (Stephen Hartzell and Julia C. Ambrose, on the brief), Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, Raleigh, NC, for Petitioners Citadel Communications, LLC, WKRN, G.P., Young Broadcasting of Green Bay, Inc., WKOW Television Inc., WSIL-TV, Inc., ABC Television Affiliates Association, Cedar Rapids Television Company, Centex Television Limited Partnership, Channel 12 of Beaumont Incorporated, Duhamel Broadcasting Enterprises, Gray Television License, Incorporated, KATC Communications, Incorporated, KATV LLC, KDNL Licensee LLC, KETV Hearst-Argyle Television Incorporated, KLTV/KTRE License Subsidiary LLC, KSTP-TV LLC, KSWO Television Company Incorporated, KTBS Incorporated, KTUL LLC, KVUE Television Incorporated, McGraw-Hill Broadcasting Company Incorporated, Media General Communications Holdings LLC, Mission Broadcasting Incorporated, Mississippi Broadcasting Partners, New York Times Management Services, Nexstar Broadcasting Incorporated, NPG of Texas, L.P., Ohio/Oklahoma Hearst-Argyle Television Inc., Piedmont Television of Huntsville License LLC, Piedmont Television of Springfield License LLC, Pollack/Belz Communication Company, Inc., Post-Newsweek Stations San Antonio Inc., Scripps Howard Broadcasting Co.,

2

Southern Broadcasting Inc., Tennessee Broadcasting Partners, Tribune Television New Orleans Inc., WAPT Hearst-Argyle Television Inc., WDIO-TV LLC, WEAR Licensee LLC, WFAA-TV Inc., and WISN Hearst-Argyle Television Inc.

Andrew J. Schwartzman and Parul P. Desai, Media Access Project, Washington, DC, for Amici Curiae Center for Creative Voices in Media and Future of Music Coalition, in support of Petitioners.

FOR RESPONDENTS:     SEAN LEV, General Counsel,[**] (Jacob M. Lewis, Acting Deputy General Counsel, and Nadan M. Joshi, Counsel, on the brief), Federal Communications Commission, Washington, DC, for Respondent Federal Communications Commission.

Stuart Delery, Assistant Attorney General,[***] (Thomas M. Bondy and Anne Murphy, on the brief), U.S. Department of Justice, Civil Division, Washington, DC, for Respondent United States of America.

Thomas B. North, Law Office of Thomas B. North, St. Ignace, MI, for Amicus Curiae Decency Enforcement Center for Television, in support of Respondents.

Robert W. Peters and Robin S. Whitehead, Morality in Media, Inc., New York, NY, for Amicus Curiae Morality in Media, Inc., in support of Respondents.

Christopher T. Craig and Robert R. Sparks, Sparks & Craig, LLP, McLean, VA, for Amicus Curiae Parents Television Council, in support of Respondents.

FOR INTERVENORS:     Carter G. Phillips, R. Clark Wadlow, James P. Young, Jennifer Tatel, David S. Petron, Mark Schneider, and Quin M. Sorenson, Sidley Austin LLP, Washington, DC; Ellen S. Agress, Maureen A. O'Connell, Fox Television Stations, Inc., New York, NY, for Intervenor Fox Television Stations, Inc.

---

[**] Sean Lev is substituted for Austin C. Schlick, who was substituted for Matthew B. Berry, who briefed and argued this case, as counsel for Respondent Federal Communications Commission.

[***] Stuart Delery is substituted for Tony West, who was substituted for Gregory G. Katsas, who briefed this case, as counsel for Respondent United States of America.

Miguel A. Estrada, Gibson, Dunn & Crutcher LLP, Washington, DC; Susan E. Weiner, NBC Universal, Inc., New York, NY, for Intervenors NBC Universal, Inc. and NBC Telemundo License Co.

Robert Corn-Revere, Ronald G. London, Amber L. Husbands, and David M. Shapiro, Davis Wright & Tremaine LLP, Washington, DC; Jonathan H. Anschell, CBS Broadcasting, Inc., Los Angeles, CA; Susanna M. Lowy, CBS Broadcasting, Inc., New York, NY, for Intervenor CBS Broadcasting Inc.

_____

On remand from the Supreme Court of the United States, following a petition for review of a forfeiture order by the Federal Communications Commission ("FCC"), reversal of the Commission's order by opinion, ABC, Inc. v. FCC, 404 F. App'x 530 (2d Cir. 2011), and a petition for certiorari to the Supreme Court of the United States.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED** and the forfeiture order of the FCC is **VACATED**.

Petitioners ABC, Inc., ABC Television Affiliates Association, and ABC-affiliated television stations (collectively "ABC") petitioned for review of a forfeiture order against forty-four ABC-affiliated television stations after the FCC determined that the display of a woman's nude buttocks in an episode of NYPD Blue was actionably indecent. See In re Complaints Against Various Television Licensees Concerning Their February 25, 2003 Broadcast of the Program "NYPD Blue", 23 FCC Rcd. 3147 (2008). We followed Fox Television Stations, Inc. v. FCC, 613 F.3d 317, 335 (2d Cir. 2010) (rehearing en banc denied), which held that the indecency policy under which the forfeiture order was issued was unconstitutionally vague. We therefore granted the petition for review and vacated the FCC's forfeiture order. See ABC, 404

4

F. App'x at 533. The Supreme Court granted certiorari and vacated our decision.

The Supreme Court determined that the FCC's forfeiture order should be set aside because the Commission failed to give ABC fair notice under the Fifth Amendment's Due Process Clause, prior to the broadcast of the episode of NYPD Blue in question, that fleeting nudity could be found actionably indecent. See FCC v. Fox Television Stations, Inc., 567 U.S. ___, 132 S. Ct. 2307, 2320 (2012). Based on the Supreme Court's decision in FCC v. Fox Television Stations, Inc., we **GRANT** the petition for review and **VACATE** the FCC's forfeiture order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk